76 F.3d 381
 76 A.F.T.R.2d 95-7807, 96-1 USTC P 50,016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Walter J. PISZCZEK, Plaintiff-Appellee, Cross-Appellant,
v.
UNITED STATES of America, Defendant-Appellant, Cross-Appellee.
 Nos. 95-1704, 95-1705.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 24, 1995.
Decided Nov. 7, 1995.
 
 Before EASTERBROOK, KANNE and ILANA DIAMOND ROVNER, Circuit Judges.
 
 Order
 
 1
 Walter J. Piszczek, an airline pilot with training and experience as an engineer, has devoted his spare time over the last 18 years to building a wind-powered ethanol plant in his backyard. He has deducted the expenses of this plant from his income under 26 U.S.C. § 174. The Commissioner of Internal Revenue disallowed these deductions for tax years 1984 to 1986 (the only ones involved in this litigation) and added penalties for negligence and substantial understatement of liability. The Commissioner views the project as a large scale, expensive hobby, carried on without any prospect of profit. Piszczek, by contrast, depicts himself as an inventor entitled to deduct the costs of this trade until, some day, his endeavors bear fruit. Piszczek paid the taxes and penalties, then filed this refund action, which produced a split decision. After a bench trial the district judge concluded that Piszczek lacked any prospect of profit, was not engaged in any trade or business other than aviation, and therefore could not deduct his expenses under § 174. At the same time, the court held, Piszczek is not liable for the penalties because he acted in good faith on the basis of a private letter ruling issued to him in 1983.
 
 
 2
 Piszczek contends that the district court erred on both facts and law: the facts because, in his view, profit was the ultimate objective; the law because, he contends, a profit motive is irrelevant. Let us start with the latter point. Section 174(a)(1) permits a taxpayer to deduct research and experimental outlays "paid or incurred ... in connection with his trade or business". Trade or business implies an undertaking for profit. The endeavor need not be successful, but it must have profit as an objective. Section 174 differs from other business-expense portions of the Internal Revenue Code, principally 26 U.S.C. § 162, by allowing the deduction of preparatory expenditures, compare Snow v. CIR, 416 U.S. 500, 502 (1974), with Cabintaxi Corp. v. CIR, 63 F.3d 614, 619 (7th Cir.1995), and by authorizing the immediate expensing of disbursements for experimentation--rather than capitalization and depreciation--but it retains the requirement that the outlays relate to a "trade or business". Snow implied, and many courts (ours included) have since held, that the trade-or-business requirement limits the scope of § 174 to activities carried on with profit as at least an ultimate goal. Levin v. CIR, 832 F.2d 403, 405 (7th Cir.1987); Spellman v. CIR, 845 F.2d 148, 150 (7th Cir.1988); Nickeson v. CIR, 962 F.2d 973, 978 (10th Cir.1992); Independent Electric Supply, Inc. v. CIR, 781 F.2d 724, 726 (9th Cir.1986); Green v. CIR, 83 T.C. 667, 686-89 (1984).
 
 
 3
 The district court held that Piszczek was not pursuing the ethanol business for profit and was not developing a new production facility with a view to selling it to persons who are in the ethanol business. The judge concluded that Piszczek has never produced a drop of ethanol and is unlikely ever to do so, that he did not consult with experts in the field as an engineer might do, and that "he certainly isn't in the business of inventing". The district court did not commit clear error in making these findings. See Anderson v. Bessemer City, 470 U.S. 564 (1985). The taxpayer bears the burden of establishing entitlement to deductions, and the district court therefore could have decided the case simply by disbelieving Piszczek's explanation of his conduct. But there is more. Piszczek set out to build a model, rather than to develop the principles on which new technologies are based. The project uses commercially available parts; Piszczek has not obtained (or sought) a patent for anything, and does not even argue that a developer with any interest in commercial exploitation would build an isolated structure by himself in off hours, without making any effort to keep abreast of (let alone ahead of) other developments in the field. Piszczek concedes in this court that he has not produced, and is unlikely to produce, ethanol in commercial quantities. In sum, the district court was entitled to view this structure as a costly hobby, which other taxpayers need not subsidize.
 
 
 4
 The Commissioner added penalties for negligence and substantial understatement. See 26 U.S.C. §§ 6653, 6661. The district court decided that Piszczek is not liable for them, because he was entitled to rely on a private letter ruling issued to him in 1983. The problem with this approach is that the private letter ruling deals with accounting methods; it permits Piszczek to use a cash accounting method and to expense research and development outlays on a current basis. The dispute at hand has nothing to do with accounting; it is about the propriety of deductions. The letter ruling explicitly cautioned Piszczek that the Internal Revenue Service had not approved any particular deduction (or any deduction at all) that Piszczek might take in connection with his wind distiller project. The ruling therefore did not create any basis for reliance with respect to the subject disputed in this litigation. Piszczek all but concedes that if we agree with the district judge on the "trade of business" issue, negligence and substantial underpayment are present. He did not have a legal basis for claiming the deductions, the district court found that he lacked a factual basis, and the shortfalls exceed the monetary threshold for the "substantial understatement" penalty. Piszczek therefore is not entitled to a refund of these penalties.
 
 
 5
 Piszczek also deducted substantial expenses for meals while away from home as a pilot. The Commissioner disallowed these expenses to the extent they exceeded $25 for any particular meal, relying on Treas.Reg. § 1.274-5(c)(2)(iii)(b), (3), which requires receipts or equivalent documentation for each individual expense that exceeds $25. See also 26 U.S.C. § 274(d). Piszczek produced a logbook enumerating the claimed expenses, but the regulations do not credit unilateral declarations by taxpayers. Piszczek submits that the had proper documentation, which he turned over to the Internal Revenue Service. But if this documentation ever existed (the IRS does not admit that it received any), it did not make its way into the record. Piszczek did not seek to discover any documents in the IRS's hands, and it strains credulity to assert that Piszczek, who produced meticulous documentation of the costs of the wind distiller project, turned over all of his meal receipts to the IRS without keeping a single copy. The district judge did not have to believe this story, and did not believe it.
 
 
 6
 The IRS imposed negligence and substantial understatement penalties for the meal expenses as well as for the research expenses. The district court ordered refunds of these penalties without providing any explanation. Piszczek's brief and argument do not fill the gap. If, as the district court concluded, Piszczek neglected the documentation requirements (or if, as the district court hinted, Piszczek took deductions for expenses that he did not incur), then the negligence and substantial understatement penalties are altogether appropriate. Failure to retain proper records evidences lack of due care, Piszczek lacks any legal support for his position, and the underpayment is substantial. Both penalties are in order. Indeed, because a negligence penalty is an all-or-none matter under the statute, Piszczek's negligent treatment of either the meal expenses or the wind-powered distillation matter would prevent a refund of this penalty; that he was negligent on both fronts is just icing on the (Commissioner's) cake.
 
 
 7
 On Piszczek's appeal, the judgment is affirmed. The portion of the judgment appealed by the United States is reversed, and the case is remanded with instructions to enter judgment for the United States across the board.